98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Schuyler VAN SCOY, Plaintiff-Appellant,
v.
SHELL OIL COMPANY, Defendant-Appellee.
 No. 95-15961.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.
Decided Oct. 2, 1996.
 
 1
 Before: CHOY, CANBY, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Schuyler Van Scoy appeals the district court's dismissal for lack of standing of his citizen suit against Shell Oil Company pursuant to the Endangered Species Act (ESA) 16 U.S.C. § 1540(g)(1)(A). We affirm.
 
 
 4
 In order to establish standing, Van Scoy bears the burden of proving that he has suffered "an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations and internal quotations omitted). Because he failed to do so, the district court correctly dismissed his ESA action.
 
 
 5
 1. Van Scoy first alleges future economic injury from future losses in income to his fishing and wildlife-watching business. However, in his deposition, Van Scoy undermined his first allegation by failing to state that he had any concrete plans to return to the fishing business. He plainly stated that he had sold his boat, that without a boat he could not conduct his business, and that he had no concrete plans to obtain another boat. He also stated that he might some day obtain a boat if he perceived there to be adequate demand for his services. He never, however, stated with any certainty that he had any realistic expectation that there would ever be adequate demand, and he certainly never stated with any certainty when that would be. "Such 'some day' intentions--without any description of concrete plans, or indeed any specification of when the some day will be--do not support a finding of the 'actual or imminent' injury that our cases require." Lujan, 504 U.S. at 564, 112 S.Ct. at 2138.
 
 
 6
 Van Scoy attempts to overcome the very significant shortcomings in his assertion of standing by reference to his later declaration. His declaration did state that he had obtained the right to borrow a boat, and intended to get back into business with it. If the declaration meant that he had that plan all along, it simply directly conflicts with his deposition and was properly discredited. See Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266-67 (9th Cir.1991). If it meant that after he filed his complaint he developed the plan, that was too late because he must show standing at the time of filing. Lujan, 504 U.S. at 569 n. 4, 112 S.Ct. at 2141 n. 4; Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989).
 
 
 7
 2. Van Scoy hopes to create an economic interest by asserting that the standing inquiry should relate back to the time that he filed his state tort action against Shell. He hopes in vain because he failed to raise that relation-back argument until his motion for reconsideration. The district court, therefore, could properly reject the argument because it was not based on newly discovered evidence, did not identify clear error in the initial decision, and was not based on an intervening change in controlling law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Moreover, on appeal, Van Scoy presents the theory that standing should relate back to the date on which he provided 60-day notice of the suit. We will not usually consider an argument raised for the first time on appeal. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1438 (9th Cir.1993). There is no reason to do so here.
 
 
 8
 3. Van Scoy next asserts that he has standing because Shell's release of pollutants has adversely affected his aesthetic interest in viewing the endangered species. The Supreme Court has recognized that "the desire to use or observe an animal species, even for purely aesthetic purposes, is undeniably a cognizable interest for purposes of standing." Lujan, 504 U.S. at 562-63, 112 S.Ct. at 2137; see also Sierra Club v. Morton, 405 U.S. 727, 734, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636 (1972) (same). The Supreme Court, however, has required that the party asserting injury to an aesthetic interest demonstrate more than a mere conjectural interest in seeing the animals in the future. Instead, the Supreme Court has required that "the party seeking review be himself among the injured." Lujan, 504 U.S. at 564, 112 S.Ct. at 2137 (quoting Morton, 405 at 734-35, 92 S.Ct. at 1366). Van Scoy failed to demonstrate that he had any concrete plans to view the endangered species. His own evidence plainly showed that he was not really at all interested in them. He therefore cannot establish an injury to his aesthetic interests.
 
 
 9
 4. Van Scoy also contends that the district court erred when it declined to allow him to assert third party standing on behalf of the endangered species. Because the species are not named parties, the district court properly characterized Van Scoy's assertion as an argument for third party standing. But to establish third party standing a person must "have a close relationship to the party whose right [he] is asserting." Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994). That does not describe Van Scoy. Indeed, the record shows that he never made the slightest effort to observe the species for aesthetic reasons although he had liked to catch salmon commercially in the past. People have been permitted to bring suit in an endangered species' own name when they are sufficiently interested to be able to represent the animal itself. See, e.g., Palila v. Hawaii Dep't of Land and Natural Resources, 852 F.2d 1106, 1107 (9th Cir.1988) (bird classified as an endangered species under the ESA has legal status and can "wing[ ] its way into federal court as a plaintiff in its own right."). Van Scoy has not shown that level of interest either.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3