Schuyler VAN SCOY and Ron Newgard, Plaintiffs–Appellants,

Charles G. Kinney, Appellant,

v.

SHELL OIL COMPANY, Union Oil Company of California, aka Unocal Corp., Tosco Corp., and Exxon Co. USA, Defendants–Appellees.

No. 00–15087.

D.C. No. CV–97–02610–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2000.

Decided April 5, 2001.

---

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Before B. FLETCHER, O'SCANNLAIN, and GOULD, Circuit Judges.

## MEMORANDUM [1]

This appeal of sanctions is brought by two commercial fishermen and their attorney, Charles Kinney. Finding the appellants claims duplicative and frivolous, the district court ordered Kinney to pay $63,944.11 in attorneys' fees and costs to the defendants pursuant to 28 U.S.C. § 1927. Appellants contend that the district court abused its discretion in awarding sanctions and in the amount of sanctions awarded. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I. Background

Litigation relevant to the instant appeal began in 1993 when Van Scoy, aided by attorney Charles Kinney, filed a state tort action against Shell for nuisance, trespass and business loss resulting from Shell's operation of an oil refinery adjacent to the harbor in Martinez, California (hereinafter "*Van Scoy I*"). Van Scoy claimed physical and emotional injuries, and economic injuries to his fishing business allegedly due to selenium [2] in wastewater discharged

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

2. Selenium is a waste by-product produced by crude oil and petroleum refiners. Selenium discharges are regulated by the Regional Water Control Board, which issues permits under the National Pollutant and Discharge Elimination System ("NPDES"). The

by the Shell refinery in the Martinez harbor. In 1995 after removal of *Van Scoy I* to federal court and discovery, district court Judge Fern Smith granted summary judgment in favor of Shell. Judge Smith found that Van Scoy presented no evidence that he suffered any physical, emotional or economic injuries as a result of the alleged exposure to selenium. The district court also awarded $20,000 in Rule 11 sanctions in favor of Shell against Kinney, for pursuing claims "when it became clear that plaintiff had no evidentiary support for his injuries." Van Scoy and Kinney appealed the *Van Scoy I* summary judgment and sanctions rulings to our court. A panel consisting of Judges Fernandez, Canby, and Choy affirmed the district court's judgment and award of sanctions in an unpublished disposition. *Van Scoy I*, 1996 WL 563457 (unpublished disposition). Van Scoy's petition for certiorari was denied by the Supreme Court.

In 1994, Van Scoy (again represented by Kinney) filed a second suit against Shell based upon selenium discharges (hereinafter *"Van Scoy II"*). This time Van Scoy claimed harm under the Endangered Species Act ("ESA"). Specifically, he alleged that Shell's selenium discharges violated section 9 of the ESA, 16 U.S.C. § 1538, by harming four threatened or endangered species. Judge Fern Smith found that Van Scoy lacked standing to proceed and dismissed plaintiff's action in *Van Scoy II* without prejudice in April 1995. *Van Scoy II*, No. C–94–3327, 1995 WL 232419 (N.D.Cal. April 18, 1995). The same panel of Ninth Circuit judges, Judges Fernan-

dez, Canby, and Choy, affirmed this decision in another unpublished disposition. *Van Scoy II*, 1996 WL 563449 (unpublished disposition).

The action directly underlying the instant appeal was filed in 1997. At that time, Van Scoy along with Ron Newgard (represented once again by Kinney) filed a new complaint in state court (hereinafter *"Van Scoy III"*). The complaint purports to be a class action brought on behalf of all persons similarly situated to the named plaintiffs.[3] In addition to Shell, the following entities and individuals were also named as defendants in the *Van Scoy III* complaint: Exxon, UNOCAL, Tosco, the United States, the EPA, the State of California, the Regional Water Quality Control Board ("RWQCB"), the State Water Resources Control Board ("SWRCB"), and all federal judges who ruled against Van Scoy and Kinney in *Van Scoy I*, namely, District Court Judge Fern Smith, and Circuit Court Judges Canby, Choy, and Fernandez. In addition to continuing trespass and nuisance claims against the refiners, the *Van Scoy III* complaint also contains an inverse condemnation claim against the State of California, the United States, the federal agency defendants and the judges.

In the *Van Scoy III* inverse condemnation claim, plaintiffs assert they have a property interest in the land under their harbor berths, in the goodwill of their business, and in the water, fish, clams, and marine life in the area where they commercially fish. Plaintiffs claim that the refiners intentionally dumped excessive

---

NPDES permit allows certain levels of selenium discharge.

3. "The class that Plaintiffs represent is composed of persons who have a possessory interest in certain real property lying under the northern San Francisco Bay waters...and or is composed of persons who are commercial fishermen that commercially fish in the Bay."

In their reply brief, appellants indicate that the state of California is a plaintiff class member: "Since the State of California is a class member as defined in the complaint and owns most of the fish, water, etc., that class member can state valid tort claims of trespass and nuisance against refiners for excessive selenium from 1996 onward."

amounts of selenium onto plaintiffs' property, causing the deprivation of the use of that property. Further, plaintiffs allege that the state and federal agency defendants allowed the dumping to occur, and that the defendant judges denied plaintiffs just compensation for their loss when Judge Smith granted summary judgment in favor of defendant Shell in *Van Scoy I*, a decision subsequently affirmed by Judges Canby, Choy, and Fernandez.

Pursuant to 28 U.S.C. § 2679(d)(2), the United States attorney removed *Van Scoy III* to federal district court upon certification that the federal judges were acting within the course and scope of their employment. The judges were dismissed as defendants and the United States was substituted as the sole federal defendant. In response to removal, plaintiffs moved to transfer their inverse condemnation claim against the federal defendants to the United States Court of Federal Claims, and to remand the balance of their action against the State of California, two of its regulatory agencies, and the four refiners to state court.

The various federal and state agency defendants moved to dismiss and the refiners moved for judgment on the pleadings, dismissal, and for sanctions under Rule 11 and 28 U.S.C. § 1927. On February 17, 1998, District Court Judge Patel denied the plaintiffs' motion to transfer to the Court of Claims, finding the inverse condemnation claim "wholly nonmeritorious" and "really one sounding in tort." The district court also denied the plaintiffs motion to remand the state claims to state court, ruling that since the motion to transfer the inverse condemnation claim to the Court of Claims had been denied, the state claims were properly before the district court under its supplemental jurisdiction.

Immediately thereafter plaintiffs filed an interlocutory appeal to the Federal Circuit from the order of the district court denying transfer and remand. In June 1998, the Federal Circuit affirmed the district court's order denying plaintiffs' motion to transfer. The Federal Circuit agreed with the district court that plaintiffs' inverse condemnation claim was "wholly nonmeritorious," that adverse court rulings did not constitute a taking, that plaintiffs had no private property right to the waters of San Francisco Bay, and that transfer and remand were not required. The Federal Circuit summarily affirmed the district court's denial of transfer.

On March 9, 1998, while the Federal Circuit appeal was still pending, the district court filed a Memorandum and Order granting the refiners' motion for judgment on the pleadings on the ground of collateral estoppel, res judicata, and stare decisis. Citing Van Scoy's prior failed actions, the district court ruled that the plaintiffs and their counsel "cannot recast the same claims with new labels and a nominal party to avoid the earlier adverse ruling."

The district court also dismissed the plaintiffs' claims against the United States and the EPA for lack of subject matter jurisdiction on the grounds of sovereign immunity and failure to exhaust administrative remedies, respectively. Exercising its supplemental jurisdiction, the district court also dismissed the claims against the state agency defendants under the Eleventh Amendment. Finally, in the same Order, the district court found that the plaintiffs' suit was frivolous and that sanctions were appropriate. The district court on its own initiative issued an order to show cause why sanctions should not be imposed. On September 8, 1998, after briefing, the district court imposed sanctions pursuant to Rule 11 and § 1927 on plaintiffs in the amount of $63,944.11 in attorneys' fees and costs to be paid to the

refiners. Plaintiffs appealed to the Ninth Circuit.

In an unpublished disposition, a panel of our court, held that the district court was correct in granting judgment on the pleadings to the refiners based on collateral estoppel, res judicata, and stare decisis. *Van Scoy III*, 1999 WL 397701 (unpublished disposition). The panel also held that the district court properly dismissed appellants' claims against the federal defendants on the grounds of sovereign immunity.

However, the *Van Scoy III* panel held that the district court erred in retaining supplemental jurisdiction over the claims against the state agency defendants in order to dismiss those claims based upon Eleventh Amendment immunity. The panel concluded that the district court should have instead remanded the state claims to state court. The panel reasoned that the Eleventh Amendment barred even any assertion of federal jurisdiction with regard to the claims against the state and state agency defendants.

Also, with respect to the sanctions imposed by the district court on appellants in favor of the refiners, the panel reversed for procedural error under Rule 11. The panel held that the district court may only award sanctions to refiner defendants under Rule 11(c)(1)(A) if the refiners had filed a separate, properly noticed motion. They had not done so. The panel added that on remand the district court may award sanctions under 11(c)(1)(B), which permits a court to impose sanctions upon its own initiative. With respect to the award of sanctions pursuant to § 1927, the previous panel also reversed because the district court erroneously imposed sanctions on the plaintiffs rather than on their counsel. The previous *Van Scoy III* panel remanded the action for further proceedings consistent with the panel's decision.

On remand, the refiners moved for imposition of sanctions on plaintiffs' counsel based solely upon § 1927. In an Order dated November 16, 1999, District Court Judge Patel granted the refiners' motion for sanctions pursuant to § 1927. It is an appeal of this sanctions Order against Kinney in the amount of $63,944.11 which is currently before us.

## I. Analysis

### A. Award of Sanctions

An attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In order to find that an attorney violated § 1927, a district court must find that the attorney acted recklessly or in bad faith. *Barber*, 146 F.3d at 711. Bad faith is present when an attorney "knowingly or recklessly" raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *In Re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir.1996); *Estate of Blas v. Winkler*, 729 F.2d 858, 860 (9th Cir.1986).

The district court did not abuse its discretion in granting sanctions. In its February 17, 1998 denial of appellants' motion to transfer to the Federal Circuit, the district court stated that appellants' claims were "wholly nonmeritorious." Despite this, as well as findings of frivolousness in prior proceedings, appellants continued to pursue their claims. Also, despite another explicit finding by the district court in its March 9, 1998 Memorandum and Order that their claims against the defendants were barred by res judicata and collateral estoppel, appellants persisted in a series of vexatious filings.

Furthermore, the district court specifically found the § 1927 requisite bad faith evidenced by the appellants' inclusion of the judges who ruled against them in *Van Scoy I*. The district court also found bad faith evidenced by counsel's persistence in these claims despite repeated findings by multiple courts that the claims were "spurious and specious, involving legal points not arguable on their merits." These findings sufficiently support a finding of both the recklessness and frivolousness required by § 1927. *In re Keegan*, 78 F.3d at 436 ("For sanctions to apply, if filing is submitted recklessly, it must be frivolous.").

Appellants argue that sanctions are inappropriate because the claims they are bringing in *Van Scoy III* are not frivolous because they involve claims arising from a different time period of selenium dumping and because they now have new evidence that was lacking during litigation of *Van Scoy I*. This new evidence, appellants assert, explains the damage caused as a result of selenium dumping.

This argument is not only without merit, but it is yet a further attempt, in the course of this appeal, to reassert the merits of a claim that has been rejected. Our circuit has already determined, as the law of the case, that the claims against the refiners are barred by res judicata, collateral estoppel, and stare decisis. *Van Scoy III*, 1999 WL 397701 ("The district court also was correct in granting judgment on the pleadings to the refiners based on collateral estoppel, res judicata, and stare decisis. Appellants point to an article from U.S. Geological Survey as new evidence supporting their claims. However, appellants did not object to the district court's exclusion of this article and do not challenge its exclusion on appeal. Appellants cannot point to sufficient new evidence in the record to salvage their claims.").

Despite several warnings from the district court and rulings by this court that appellants' claims are without merit, attorney Kinney has continued in his efforts to relitigate nonmeritorious claims through vexatious and multiple filings within the current suit. Even in this appeal, despite a circuit decision to the contrary, he seems intent upon arguing that his claims are meritorious. The district court's award of sanctions pursuant to § 1927 was not an abuse of discretion.

**B. Amount of Sanctions**

Appellants also contend that in light of the previous *Van Scoy III* panel's decision, 1999 WL 397701, the amount of sanctions imposed by the district court was improper because it is the same amount as was originally imposed. We review for abuse of discretion and find this claim also to be without merit.

Appellants argue that because the previous *Van Scoy III* panel reversed the district court and required that the state claims be remanded to state court, it was inappropriate for the district court judge to award the exact same amount in sanctions. The appellants also argue that the sanction amount was improper because the *Van Scoy III* panel reversed the district court's original sanction award. We disagree with both contentions.

The district court expressly stated that it had reviewed the invoices previously submitted and found that the fees were confined to the relevant proceedings. The district court stated:

[The sanction] amount reasonably includes only those expenses incurred by defendants' after the case was removed to federal district court and excludes those expenses incurred in responding to plaintiffs' attempt to transfer the case to the Federal Court of Claims and to

remand the claims against the refiner defendants to state court.

Furthermore, the prior *Van Scoy III* panel's ruling on the district court's previous award of sanctions only affects its procedural underpinnings. The ruling did not take issue with the merits of the award or the amount of sanctions granted. Rather, it stated that the sanctions were improperly awarded against the appellants, rather than appellants' counsel. Thus, the district court did not abuse its discretion in imposing the same amount of sanctions against attorney Kinney as had been reasonably (albeit improperly) awarded against the plaintiffs prior to the reversal by the previous panel. Therefore, we affirm the amount of sanctions awarded by the district court.

AFFIRMED

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.